## París *v.* El Pueblo de Puerto Rico.

Apelación procedente de la Corte de Distrito de San Juan.

No. 43.—Resuelto en diciembre 14, 1903.

Dominio.—La naturaleza breve y sumaria de los expedientes de dominio excluye en ellos la admisión de toda clase de incidentes, y por consiguiente las resoluciones que en dichos expedientes se dicten, deberán limitarse a declarar justificado o nó el dominio de la finca sobre que versen.

### EXPOSICIÓN DEL CASO.

En la información de dominio seguida ante la Corte de Distrito de San Juan por Don Juan París, con la oposición del Pueblo de Puerto Rico, y pendiente ante nos en virtud de recurso de apelación interpuesto por el promovente, representado y dirigido ante esta Corte Suprema por el Letrado Don Wenceslao Bosch, estándolo la parte apelada, o sea El Pueblo de Puerto Rico, por el Acting Attorney General, en un principio, y luego por el Fiscal de este tribunal.

*Resultando:* que dicha corte de distrito, después de tramitar el expediente de dominio, dictó el auto que copiado a la letra dice así:

"Puerto Rico, diez y ocho de abril de mil novecientos tres:

"Dada cuenta y resultando que en 29 de agosto de 1902, el Licenciado Don Wenceslao Bosch, a nombre de Don Juan París, promovió este expediente para inscribir a su favor el dominio de una finca rústica de sesenta y dos cuerdas, sita en el barrio de Cangrejos Arriba, del término municipal de la Carolina, colindante por el Este y Sur con Don Fermín Martínez Villamil; por el Norte con el mar y por el Oeste con Pedro Bulerín; expresando que su cliente adquirió dicha finca por herencia de su padre, Don Pedro París, y venía pagando sus contribuciones desde 1895; que dicho inmueble está libre de gravamen, teniendo un valor de doscientos cincuenta dollars; y solicitando (*) por carecer de título inscrito, se le admitiera la información que propondría y se declarase a su favor el dominio de dicho inmueble a fin de poder efectuar su inscripción en el registro de la propiedad.

"*Resultando:* que a este escrito acompañó varios recibos de contribución de los años de novecientos al novecientos tres, y dos de junio de mil ochocientos noventa y cinco; de contribución municipal de la Carolina.

"*Resultando:* que admitida con audiencia del Ministerio Fiscal la información ofrecida, ordenando se evacuase con su citación, sin que conste que el tribunal lo ordenara, aparece publicado un edicto en el número de la *Gaceta* de cuatro de septiembre del año próximo pasado, convocando a los que tuviesen algún derecho real sobre la finca anteriormente descrita, las personas ignoradas y en general todas las que quisiesen oponerse al dominio solicitado, para que lo verificasen dentro del término de sesenta días naturales.

"*Resultando:* que en virtud de esa publicación, en nueve del referido mes de septiembre, se presentó el Hon. Tesorero de Puerto Rico oponiéndose a la solicitud de Don Juan París, por pertenecer al Pueblo de Puerto Rico las tierras referidas, procedentes de las extinguidas comunidades religiosas, sin que a ellas tuviese ningún derecho, adeudándose por el contrario al Tesoro los arrendamientos de muchos años de esa finca, que no se habían satisfecho.

"*Resultando:* que comunicada al Hon. Attorney General la oposición de la Tesorería, en 1º. de octubre de 1902, el Acting Attorney General, en representación del Pueblo de Puerto Rico, formalizó dicha oposición, acompañando un plano levantado en 23 de junio de 1859 de los terrenos pertenecientes a la Real Hacienda, en el barrio de Cangrejos Arriba, de la Carolina, y un expediente formado por la Administración General Económica de esta Isla, durante la dominación española, para la venta de dichas tierras, alegando que según aparece de dicho expediente acordada la venta de dichas tierras en 1872, para mayor facilidad y beneficio del Tesoro fueron divididos en lotes, resultando que el número 11 lo poseía en arrendamiento Gabriel París; que dicho lote fué sacado a pública subasta varias veces sin éxito alguno; que por falta de pago de los arrendamientos, en julio de mil ochocientos setenta y cuatro, se ordenó el lanzamiento de Gabriel París de los terrenos que ocupaba, sin que esta orden se cumpliera; que en septiembre de mil ochocientos (*) setenta y nueve el mismo París solicitó se le concediera gratis el uso de dicho lote, lo que le fué denegado; que, en julio del ochenta y ocho se dispuso, entre otras cosas, que la hacienda pública se encautase del repetido lote número 11, del cual se habían segregado ya algunas cuerdas y seguía usufructuándola Gabriel París o sus herederos, nombrándose deposi-

tario del mismo a Juan París; que esa resolución se cumplió en veinte y cuatro del mencionado mes de julio del ochenta y ocho, haciéndose cargo Juan París del depósito, bajo las penas que las leyes determinan, según el acta que a su ruego suscribió Manuel Méndez, y concluyendo, después de varias consideraciones jurídicas, por suplicar se declarase sin lugar, con las costas, la pretensión de París y que el dominio de dicho lote corresponde al Pueblo de Puerto Rico, mandando proceder criminalmente contra el repetido París por el delito que había cometido al presentar como suyos bienes que tenía en depósito, con los demás pronunciamientos del caso.

"*Resultando:* que habiendo transcurrido con exceso el término señalado para la presentación de las pruebas y no llegando a mil pesos el valor del inmueble de cuyo dominio se trata, en auto de seis de marzo último se dispuso oir al Ministerio Fiscal y demás interesados en una comparecencia verbal para la que se señaló el veintitrés del propio mes, a las ocho de la mañana, y como resultara feriado ese día e impedido de conocer en estos autos el Juez Asociado Sr. Richmond, en provistos del veinticinco de marzo y cuatro del corriente, se aplazó dicha comparecencia para el diez y seis del mes en curso, todas cuyas providencias fueron oportunamente notificadas y consentidas por las partes.

"*Resultando:* que en quince de este mismo mes de abril, promovió el licenciado Don Wenceslao Bosch, abogado de París, incidente de nulidad de todo lo actuado desde que se dictó la providencia de seis de marzo, y que en su lugar se concediese el plazo de ciento ochenta días fijado en el artículo 395 de la Ley Hipotecaria para proponer pruebas, pidiendo al propio tiempo se suspendiera el acto verbal señalado para el día siguiente, pretensiones que se declararon sin lugar el mismo día quince, llevándose a efecto el diez y seis la audiencia verbal dispuesta, a la que sólo concurrió el Sr. Fiscal que hizo las alegaciones que estimó oportunas en representación del Pueblo de Puerto Rico.

"*Resultando:* que Don Juan París no promovió prueba alguna durante el término concedido para proponerla y evacuarlas, ni posteriormente, (*) ni se cuidó siquiera de que fuesen citados los colindantes, ni de acreditar que se publicase por tres veces el edicto mandado a anunciar en la *Gaceta*.

"*Resultando:* que el Acting Attorney General ha justificado plenamente con el plano y expediente que presentara durante el indicado término y que no han sido impugnadas en manera alguna, todos los hechos en que fundara su oposición; y

"*Considerando:* que no habiendo intentado siquiera justificar el dominio que se atribuyera Don Juan París, es imposible acceder a su pretensión.

"*Considerando:* que el Acting Attorney General ha probado plenamente que ese dominio corresponde al Pueblo de Puerto Rico; que los antecesores del expresado París y él mismo sólo han tenido en arrendamiento las tierras de que se trata, habiéndose depositado últimamente en el propio París que aceptó el cargo y se obligó a su desempeño bajo las penas que la ley impone a los depositarios infieles.

"*Considerando:* que si en tal concepto ha poseído Don Juan París el lote de terrenos a que este expediente se contrae, y pagado sus contribuciones, esa circunstancia no le da derecho alguno de propiedad sobre las indicadas tierras, derecho que tampoco pudieran trasmitirle sus antecesores, puesto que nunca lo tuvieron, habiendo poseído únicamente los mencionados terrenos a título de arrendatarios.

"*Considerando:* que el artículo 395 de la Ley Hipotecaria que señalaba ciento ochenta días para la admisión de las pruebas en estos expedientes, fué modificado por el párrafo 6º. de la Orden Judicial de cuatro de abril de mil ochocientos noventa y nueve, limitándose dicho plazo al de sesenta días en cuya virtud, por haber sido consentidas y ejecutoriadas las providencias de seis y veinticinco de marzo y cuatro del corriente, que son de mera substanciación y porque la naturaleza breve y sumaria de estos expedientes que tienen su tramitación especial determinada en la Ley Hipotecaria, excluye en ellos la admisión de toda clase de incidentes, fué perfectamente desestimado el de nulidad que promoviera el Licenciado Don Wenceslao Bosch en quince del que cursa.

"*Considerando:* que por las propias razones la resolución que en este asunto recaiga debe contraerse exclusivamente a la declaratoria de dominio solicitada por el actor, sin perjuicio de los derechos que al Pueblo de Puerto Rico asistan en otros conceptos, para que los ejerciten en los juicios correspondientes. (\*)

"Se declara sin lugar, con las costas, la pretensión deducida en este expediente por Don Juan París, por no haber acreditado el dominio que se atribuyera sobre la finca rústica al principio descrita, que pertenece al Pueblo de Puerto Rico, al que se reservan todas las acciones de que sus representantes le consideren asistido contra el citado París u otras personas, a fin de que los ejerciten en el juicio y forma correspondientes. Y una vez que sea firme este auto, devuél-

vanse al Hon. Attorney General el plano y expediente administrativo que remitiera a la Tesorería, con la oportuna comunicación.

"Así lo acuerdan y firman los señores del tribunal. Certifico: Juan Morera Martínez, Angel García, José Tous Soto, Luis Méndez Vaz."

*Resultando:* que contra dicho auto interpuso la parte que inició el expediente de dominio recurso de apelación, y oído éste libremente y en ambos efectos, se elevaron los autos con citación y emplazamiento de las partes, y dada al recurso la tramitación prevenida por la ley de la Asamblea Legislativa de doce de marzo último, tuvo lugar la vista del mismo con asistencia de la representación de las partes.

Abogado del apelante: *Sr. Bosch.*

Abogado del apelado: *Sr. del Toro, Fiscal.*

El Juez Asociado Sr. Figueras, después de exponer los hecho anteriores, emitió la siguiente opinión del tribunal.

*Aceptando* los fundamentos de hecho y de derecho del auto apelado, rectificando el error que contiene el cuarto de esta última clase, puesto que la orden judicial que se cita es de siete de abril de mil ochocientos noventa y nueve y no del cuatro, como se consigna por equivocación.

*Considerando:* que las providencias de seis, veinticinco de marzo y cuatro de abril del. año corriente fueron notificadas y consentidas por el agente designado por la misma parte que pidió su nulidad, y hoy no hay términos hábiles para revocar el auto que resuelve solamente la cuestión de dominio promovida.(*)

*Vistas* las disposiciones que se citan en el auto recurrido.

*Fallamos:* que debemos confirmar, y confirmamos, el auto que dictó la Corte de Distrito de San Juan en diez y ocho de abril último, con las costas a la parte apelante, y con devolución de los autos, comuníquese esta resolucion a dicha corte a los efectos oportunos.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández, Sulzbacher y MacLeary.